IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CRAIG WILSON, JR.,

        Plaintiff,

        v.

RECORDED FUTURE, INC.,
CHRISTOPHER AHLBERG
and SCOTT ALMEIDA,

        Defendants.

Civil Action No.: 1:22-CV-11105

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

This is an employment case brought by Plaintiff Craig Wilson, Jr. against his former employer Recorded Future, Inc. ("Recorded Future") and two of its officers, Christopher Ahlberg and Scott Almeida. According to the Complaint, at all material times, Mr. Wilson was a Virginia resident working at a Company with a fixed office in Virginia. Nonetheless, in addition to bringing claims under federal and Virginia law, Mr. Wilson asserts claims under Massachusetts law – specifically, the Massachusetts Fair Employment Practices Law (Chapter 151B) (Count II) and the Massachusetts Wage Act (Count III). Because Mr. Wilson lacks sufficient contacts to Massachusetts to assert claims under the Commonwealth's laws, Defendants move to dismiss these claims.[1]

---

[1] This Motion pertains to Counts II and III only. Also, as the individual defendants are only named in Count III, the relief requested by them would cause them to be dismissed from the case entirely.

1

I.   **FACTS PLED IN THE COMPLAINT**[2]

Recorded Future is a cybersecurity company organized under the laws of the State of

Delaware with offices in Massachusetts, Virginia, and elsewhere.  Complaint, Dkt. No. 1

(hereinafter, "Compl.") at ¶¶ 3, 10, 17.  Its headquarters are in Somerville, Massachusetts.  *Id.* at

¶ 3.  On May 21, 2019, Recorded Future provided Mr. Wilson, a resident of Virginia, with an

employment offer for the position of Account Executive Civilian.  *Id.* at ¶¶ 2, 7, 21.  Mr. Wilson

accepted Recorded Future's offer and began his employment on or about June 10, 2019.  *Id.* at ¶

26.  In his capacity as Account Executive Civilian, Mr. Wilson sold Recorded Future's products

to customers within his sales territory.  *Id.* at ¶ 1; *see also id.* at ¶¶ 33-39.  Mr. Wilson reported to

Roger Coehle and then Julie Starnes.  *Id.* at ¶¶ 27-29.

Mr. Wilson alleges that Recorded Future increased his 2021 sales quota, reduced his

2021 sales territory, and then terminated his employment on October 1, 2021.  *Id.* at ¶¶ 38-41,

46-47, 67.  He contends that Recorded Future took these actions because of Mr. Wilson's age

and Recorded Future's attempt to deprive Mr. Wilson of commissions and stock options he

claims were owed to him.  *Id.* at ¶ 1.

Mr. Wilson instituted this action on July 8, 2022, bringing claims for violation of the Age

Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* (the "ADEA") (Count I), Compl. at

¶¶ 85-91; violation of the Massachusetts Fair Employment Practices Law, Mass. Gen. Laws ch.

151B, § 4(B) ("Chapter 151B") (Count II), Compl. at ¶¶ 92-96; violations of the Massachusetts

Wage Act, Mass. Gen. Laws ch. 149, § 148 (the "Wage Act") (Count III), Compl. at ¶¶ 97-101;

---

[2] Defendants accept the allegations in Mr. Wilson's Complaint as true for purposes of this Motion only.  Defendants reserve the right to dispute the allegations made therein at later proceedings.

violations of the Virginia Wage Payment Act, Va. Code 40.1-29 (Count IV), Compl. at ¶¶ 102-07; breach of contract (Count V), *id.* at ¶¶ 108-12; breach of the duty of good faith and fair dealing (Count VI), *id.* at ¶¶ 113-16; wrongful termination in violation of public policy of Virginia (Count VII), *id.* at ¶¶ 117-20; and quantum meruit (Count VIII), *id.* at ¶¶ 121-24. Mr. Wilson brings one sole claim against Mr. Ahlberg and Mr. Almeida, *to wit*, his Wage Act claim (Count III).

## II.    FED. R. CIV. P. 12(B)(6) STANDARD

"To withstand a Rule 12(b)(6) motion, a complaint must 'contain sufficient factual matter … to state a claim to relief that is plausible on its face.'" *Rios-Campbell v. United States DOC*, 927 F.3d 21, 24 (1st Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)) (internal quotation marks omitted). A claim is facially plausible if the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged …" *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

## III.    ARGUMENT

The Court should dismiss Mr. Wilson's Massachusetts claims (Counts II and III) because he has not alleged sufficient contacts to the Commonwealth. The Massachusetts Supreme Judicial Court has instructed that, to determine whether an out-of-state employee can assert violations of Massachusetts' employment laws, courts should apply Massachusetts' "functional choice of law principles." *Taylor v. Eastern Connection Operating, Inc.*, 988 N.E.2d 408, 411, 465 Mass. 191 (2013) (internal citations and quotation marks omitted). "The[se] principles … provide that, in the absence of a choice of law by the parties, their rights 'are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the

transaction and the parties ….” *Bushkin Assocs. v. Raytheon Co.*, 473 N.E.2d 662, 669, 393

Mass. 622 (1985) (quoting Restatement (Second) of Conflict of Laws (1971), at § 188(1)).

Here, the only connections Mr. Wilson alleges to the Commonwealth are that Recorded

Future maintains its headquarters in Massachusetts, Compl. at ¶ 3, and that the individuals

responsible for the relevant employment decisions were based in Massachusetts, Compl. at ¶ 84.

Mr. Wilson does not allege –

- That he resides or has resided in Massachusetts;

- That he worked out of Recorded Future's Massachusetts office;

- That his supervisors worked out of Recorded Future's Massachusetts office;

- That he travelled to Massachusetts on business for Recorded Future;

- That he serviced customers in Massachusetts;[3]

- That he held himself out to Recorded Future's customers as being based in Massachusetts;

---

[3] While Mr. Wilson's Complaint contains no specific allegations concerning the customers he serviced or the geographic region in which they were based, he does make fleeting reference to several of his clients: The Library of Congress, The House of Representatives, The Senate Sergeant in Arms, and the U.S. Coast Guard. *See* Compl. at ¶¶ 51, 58. This Court may take judicial notice of the fact that none of these customers maintain their principal place of business in Massachusetts. *See Fortuna v. Town of Winslow*, No. 1:21-cv-00248-JAW, 2022 U.S. Dist. LEXIS 104678, at *6-9 (D. Me. June 13, 2022) (citing *Gent v. CUNA Mutual Insurance Society*, 611 F.3d 79, 84 n.5 (1st Cir. 2010)) (taking judicial notice of information on federal government websites that were "not subject to reasonable dispute") (internal quotation marks and other citations omitted); LIBRARY OF CONGRESS, https://www.loc.gov/contact/ (last visited Sept. 9, 2022) (providing for principal address in Washington, D.C.); UNITED STATES HOUSE OF REPRESENTATIVES, https://www.house.gov/ (last visited Sept. 9, 2022) (providing for principal address in Washington, D.C.); UNITED STATES SENATE, https://www.senate.gov/reference/office/sergeant_at_arms.htm (last visited Sept. 9, 2022) (providing for principal address of the Senate Sergeant in Arms in Washington, D.C.); U.S. DEPARTMENT *OF* DEFENSE, https://www.defense.gov/Help-Center/#contact (last visited Sept. 9, 2022) (providing for U.S. Coast Guard's headquarters in Washington, D.C.).

- That his employment offer or compensation plan provided for application of Massachusetts law.

This is not sufficient under applicable case law to invoke the protection of Massachusetts statutory laws.  For example, in *Litz v. Saint Consulting Group, Inc.*, C.A. No. 11-10693-GAO, 2012 U.S. Dist. LEXIS 20586 (D. Mass. Feb. 17, 2012), the Court considered whether to permit an out-of-state employee to amend her complaint to add a claim for unpaid overtime pursuant to the Wage Act.  *Id.* at *1.  In denying plaintiff's request, the Court found that such a claim would be futile given that the employee performed her job responsibilities from Illinois, that she had not alleged her supervisors were based in Massachusetts, that she never resided in Massachusetts, and that her employment contract did not contain a Massachusetts choice of law provision.  *Id.* at *2-3.  It was of no moment that her employer was headquartered in Massachusetts.  *Id.* at *2.

Similarly, in *Nekoroski v. Mathai*, No. SUCV2011-04315-BLS1, 2012 Mass. Super. LEXIS 282 (Sept. 28, 2012), the Massachusetts Superior Court considered an employer's motion to dismiss employees' claims alleging that the employer violated the Wage Act by failing to pay employees their earned salary, vacation benefits, and retirement funds.  *Id.* at *5-12.  The Superior Court granted the motion, concluding that the employees had not pled sufficient contacts to Massachusetts where they were primarily working out of New Jersey or Maryland. *Id.* at *7-8.  In doing so, the Superior Court rejected the employees' argument that they were entitled to protections of the Wage Act because their employer was headquartered in Massachusetts and because they occasionally travelled to Massachusetts on company business.[4] *Id.* at *8.

---

[4] Mr. Wilson does not plead that he ever travelled to Massachusetts for business.

Courts that have allowed an out-of-state plaintiff to pursue Massachusetts claims have typically done so because their employment contract contained a Massachusetts choice-of-law clause.  Mr. Wilson does not (and cannot) allege this.  For example in *Dow v. Casale*, 989 N.E.2d 909, 83 Mass. App. Ct. 751 (2013), the Massachusetts Appeals Court rejected a plaintiff salesman's argument "that an employer's presence in Massachusetts is all that is necessary for an employee – wherever situated and whatever the circumstances of employment – to bring a private action against the employer under the Wage Act." *Id.* at 913.  Instead, the Appeals Court found significant that the salesman's employment agreement contained a Massachusetts choice of law provision. *Id.* at 914 & n.12.  The Appeals Court also noted that all of the employer's physical facilities were located in Massachusetts, the employer's customers entered into business with the employer in Massachusetts, the salesman presented business cards with Massachusetts-based contact information, the salesman received paychecks from Massachusetts, the salesman travelled to Massachusetts multiple times a year for business, and the salesman communicated with Massachusetts-based personnel on a weekly basis. *Id.* at 914; *see also Taylor*, 988 N.E.2d at 412-14 (holding that out-of-state employees could assert Massachusetts employment law claims against Massachusetts-based employer where the written contract governing the employment relationship provided for application of Massachusetts law).

Mr. Wilson is not without recourse.  In addition to his Massachusetts claims, he has brought discrimination claims under the ADEA (Count I) and employment claims under Virginia law (Counts IV, VII).  While Recorded Future will defend those counts on the merits, it does not contest the applicability of federal and Virginia law to Mr. Wilson.  Defendants do object, however, to Mr. Wilson's attempt to shoehorn Massachusetts' employment laws to an employment relationship between Recorded Future's Virginia office and a Virginia-based

employee.

IV.    **CONCLUSION**

Defendants respectfully request that the Court dismiss Mr. Wilson's Massachusetts

claims (Counts II and III) for failure to allege sufficient connections to Massachusetts.  Because

Count III is the sole claim Mr. Wilson brings against Mr. Ahlberg and Mr. Almeida, Defendants

respectfully request that the Court dismiss Mr. Ahlberg and Mr. Almeida from the case.

Respectfully submitted,

DEFENDANTS RECORDED FUTURE,
INC.; CHRISTOPHER AHLBERG; and
SCOTT ALMEIDA,

By their attorneys,

*/s/ Christian A. Garcia*_____
Jonathan A. Keselenko, BBO #559604
Christian A. Garcia, BBO #703433
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Tel: 617-832-1000
Fax: 617-832-7000
jkeselenko@foleyhoag.com
cgarcia@foleyhoag.com

Dated: September 9, 2022

## CERTIFICATE OF SERVICE

       I, Christian A. Garcia, hereby certify that a copy of the foregoing document was served by electronic means through the CM/ECF filing system, concurrent with the filing of this document on the 9th day of September 2022 to:

Michaela C. May
Bennett & Belfort, P.C.
24 Thorndike Street
Suite 300
Cambridge, MA 02141
(617) 577-8800
mmay@bennettandbelfort.com

Todd J. Bennett
Bennett & Belfort, P.C.
24 Thorndike Street
Suite 300
Cambridge, MA 02141
(617) 577-8811
tbennett@bennettandbelfort.com

                                           */s/ Christian A. Garcia*_____
                                           Christian A. Garcia